UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry James Tyler, | ) | C/A No.: 4:16-400-MGL-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | (partial summary dismissal) |
| Wayne Byrd, Paul M. Burch, James Bogle, | ) | |
| J. Richard Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff, who is detained at the Darlington County Detention Center while awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator (SVP) Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170, seeks relief under 42 U.S.C. § 1983.[1] See Complaint, ECF No. 1 at 3.

The Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

---



[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319.

Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Here, after a careful review of the Complaint pursuant to this liberal standard, the undersigned finds for the reasons set forth hereinbelow that Plaintiff's claims relating to his custody status and criminal convictions are subject to summary dismissal. Further, the Defendants Paul M. Burch, James Bogle, and J. Richard Jones are entitled to summary dismissal as party Defendants in this case.



2

## Discussion

Records from Darlington County[2] indicate that Plaintiff was convicted on February 27, 2013 (jury trial) on the charges of criminal solicitation of a minor, sexual exploitation of a minor (second degree), and disseminating harmful material or exhibiting harmful performance to minors, and was sentenced to eight years imprisonment as to each conviction (concurrent sentences). See Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600603&CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600604&CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600606&CaseType=C (last visited July 21, 2016). Plaintiff was also sentenced to three years concurrent as to his conviction of contributing to the delinquency of a minor. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600605&CaseType=C (last visited July 21, 2016).

Plaintiff alleges that on October 26, 2015, he was taken to the Darlington County Courthouse for a surprise hearing. He claims he met with an attorney less than ten minutes before going before the Defendant Burch, a South Carolina Circuit Judge, and that Judge Burch "sentenced" him to a mental sexual evaluation pursuant to the SVP Act. The Defendant Bogle, an Assistant

---

[2]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869, at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



3

Attorney General, allegedly brought the charges against him. Plaintiff appears to allege claims concerning his prior convictions, including that the Defendant Bogle[3] brought the wrong charges against him (such that he was charged with a violent rather than a non-violent crime); that Judge Burch failed to stop the bringing of the wrong charges and is currently seeking retaliation against Plaintiff (because Plaintiff filed a complaint against Judge Burch for allegedly failing to address a motion for a directed verdict); and that the Defendant Jones, a Public Defender, failed to protect Plaintiff from Bogle's deceptive trick, such that Plaintiff is currently incorrectly being subjected to SVP proceedings. Additionally, Plaintiff alleges that Defendant Sheriff Wayne Byrd has tampered with his mail, refused to make copies of his documents, and stopped his mail from coming in and going out of the Darlington County Detention Center. Complaint, ECF No. 1 at 3-6. Plaintiff requests monetary damages, release from detention, and that the State of South Carolina be ordered to admit that he is a non-violent sex offender and correct his records. Additionally, Plaintiff requests that his driver's license be reinstated, and that the Sheriff's office be ordered to stop tampering with his mail. ECF No. 1 at 7.

First, as Plaintiff has not shown a favorable termination or disposition with respect to his state court convictions, any claims Plaintiff is asserting concerning those convictions (Plaintiff may be attempting to allege false imprisonment and/or due process violations) are barred by Heck v. Humphrey, 512 U.S. 477, 481 (1994), and should be dismissed. Heck requires that a defendant must show that his criminal convictions have been overturned or otherwise called into question

---

[3]The Complaint states that Byrd brought the charges against him. However, this may be a scrivener's error, as Plaintiff indicates that Bogle was the prosecuting officer. In any event, even if Plaintiff meant to list Byrd as this offending official, this claim would still be subject to dismissal. See, discussion, infra.



4

before he can sue for relief relating to such convictions under § 1983. See also Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution]. Plaintiff has not alleged a favorable disposition of any of his criminal charges in his Complaint.

The Fourth Circuit, in Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), did indicate that Heck does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." Wilson, 535 F.3d at 268. However, even if Plaintiff is currently no longer "in custody" as to the challenged convictions, he had ample time to bring his habeas claims while in custody and has not alleged that circumstances beyond his control existed to prevent him from pursuing habeas relief. See Bishop v. County of Macon, 484 F. App'x 753, 754 (4th Cir. 2012)[Finding that the Wilson exception only applies where the plaintiff can show that circumstances beyond his control left him unable to pursue habeas remedies and warning that "Wilson does not permit a plaintiff to end-run Heck by simply sitting on his rights until all avenues for challenging a conviction have closed."]; see also Covey v. Assessor of Ohio County, 777 F.3d 186, 197 (4th Cir. 2015) [In order for the Heck bar not to apply, the claimant must not only no longer be in custody because the sentence has been served, but also could not have practicably sought habeas relief while in custody]; cf. Ballenger v. Owens, 515 F. App'x 192, 195 n.5 (4th Cir. 2013)[Noting that where a claimant had sufficient time

5

to pursue post conviction relief, and indeed had actually done so and was unsuccessful, the Heck bar remains even after termination of the underlying conviction or sentence].

Further, Plaintiff currently has a pending application for post-conviction relief pending in the South Carolina Courts. See http://publicindex.sccourts.org/Darlington/PublicIndex/ PIError.aspx?County=16&CourtAgency=16002&Casenum=2015CP1600016&CaseType=V (last visited July 21, 2016). Hence, to the extent that Plaintiff is requesting that this Court interfere with his pending state court action (his APCR), federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Any pending proceedings in the state court (e.g., pending applications for post-conviction relief) are still part of his "pending criminal case" as that terminology is understood under Younger and its progeny. See, e.g., Howell v. Wilson, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)[applying Younger as to the plaintiff's request that the district court provide direction to state court judges as to the plaintiff's PCR, criminal, and/or DNA testing cases]; Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5 (N.D.Ill. 2000)[presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings]; Lockheart v. Chicago Police Dep't, No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug. 17, 1999)[applying Younger because post-conviction proceedings were pending].

The United States Court of Appeals for the Fourth Circuit also ruled in Cinema Blue of Charlotte, Inc., that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28



U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts].

      This Court should also abstain from interfering with pending civil commitment proceedings against Plaintiff. The Fourth Circuit has held that Younger abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Public Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005)[property law concerns] (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The South Carolina Supreme Court has upheld the SVP Act and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators. In re: Luckabaugh, 568 S.E.2d 338, 348 (S.C. 2002). The Court of Appeals of South Carolina has stated that protecting minors from sexual predators is an important state interest. See State v. Reid, 679 S.E.2d 194, 201 n. 6 (S.C.Ct.App. 2009)[discussing South Carolina's important public policy of protecting minors from harm in the context of an internet solicitation of a minor case]. Another district court in this circuit found that Heck barred both a claim that the plaintiff was being held past his mandatory parole release date as to his state convictions and his civil confinement pending assessment as a SVP. Huff v. Attorney General of Va., No. 3:07cv744, 2008 WL 4065544 (E.D.Va.

7

Aug. 26, 2008), aff'd, 323 F. App'x 293 (4th Cir. 2009). Other circuits have applied Younger to pending civil commitment proceedings. See Sweeney v. Bartow, 612 F.3d 571, 572 (7th Cir. 2010)["The principles of Younger are applicable to habeas petitions from pending [Wisconsin] sexually violent person commitments."]; Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011)[Younger doctrine extends to state civil judicial proceedings where there is an ongoing state-initiated judicial proceeding, the proceeding implicates important state interests, the federal litigant is not barred from litigating federal constitutional issues in the state proceeding, and federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that Younger disapproves].

Plaintiff also requests that he be released from custody. However, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck, the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. If this is not a claim already being presented by Plaintiff in his pending PCR case, then if he wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.



8

Finally, the Defendants Judge Burch, James Bogle, and J. Richard Jones are all entitled to s dismissal as party Defendants. Defendant Judge Burch is entitled to absolute judicial immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges]. Defendant James Bogle, Jr., an assistant attorney general, is entitled to prosecutorial immunity to the extent that Plaintiff is alleging claims that involve the prosecution of his SVP case. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Michau v. Warden, C/A No. 2:11–286–RMG, 2011 WL 4943631, at *4 (D.S.C. Oct.17, 2011) [holding assistant attorney generals immune for prosecution of plaintiff in state court and/or SVP Act proceedings]. Here, Plaintiff's claims against Bogle concern the prosecution of the SVP case against Plaintiff such that Bogle is entitled to summary dismissal. Finally, Defendant J. Richard Jones, who was Plaintiff's public defender at his previous criminal trial, is entitled to summary dismissal because he is not a state actor under § 1983. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3

9

(4th Cir.1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney].[4]

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Defendants Paul M. Burch, James Bogle, and J. Richard Jones, as well as any claims which relate to Plaintiff's underlying convictions or pending PCR or SVP proceedings, without prejudice and without issuance and service of process.

The Complaint will be served on the remaining Defendant (Wayne Byrd) with respect to Plaintiff's claims relating to tampering with mail, refusal to make copies of documents, and stopping his mail.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July 26, 2016
Charleston, South Carolina

---

[4] Although Plaintiff may be attempting to assert a state law claim for slander, he has not made any specific allegations of slander against Defendants Burch, Bogle, or James.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



11