IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler,           ) | Civil Action No.  4:16-0400-MGL-BM |
|                              ) | |
|           Plaintiff,         ) | |
|                              ) | |
| v.                           ) | **REPORT AND** |
|                              ) | **RECOMMENDATION** |
| Wayne Byrd,                  ) | |
|                              ) | |
|           Defendant.         ) | |
|                              ) | |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff, who is detained at the Darlington County Detention Center while awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator (SVP) Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170, seeks relief under 42 U.S.C. § 1983.[1] See Complaint, ECF No. 1 at 3. Plaintiff's Complaint originally contained additional allegations and Defendants, but by Order of the Court filed August 16, 2016, all claims and Defendants were dismissed except for Plaintiff's claim against the Defendant Wayne Byrd relating to tampering with mail, refusal to make copies of documents, and

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

1



stopping his mail. See Order, ECF No. 19.

On December 7, 2016, the Defendant Byrd filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 8, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond to the motion for summary judgment, his case could be dismissed. Although Plaintiff failed to timely respond to the motion for summary judgment or the Court's Roseboro order, he did eventually submit a response in opposition on February 13, 2017.

Defendant's motion is now before the Court for disposition.[2]

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the Defendant's motion and the filings in this case, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendant is entitled to summary judgment.

Plaintiff alleges in his verified Complaint[3] that on August 26, 2015 he was taken before the Chief Administrative Judge at the Darlington County Courthouse for a surprise hearing, at which time he was referred for a mental sexual evaluation under the South Carolina SVP Act.[4] With respect to Plaintiff's remaining claim against the remaining Defendant, Plaintiff alleges that he is now being held at the Darlington County Jail, and that the Defendant Byrd (Sheriff of Darlington County) "will not make any copies for me of anything, or let any of my mail get to a court". Notably, however, Plaintiff also concedes in the allegations of his Complaint that he is represented by legal

---

[3]Plaintiff submitted no exhibits or anything else of an evidentiary nature with his memorandum opposing summary judgment. However, in this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Therefore, Plaintiff's factual allegations in his Complaint have been considered in ruling on the Defendant's motion.

[4]According to the Complaint, Plaintiff was approaching the period for his release from incarceration for his conviction on various sex offenses. See also, Report and Recommendation filed July 27, 2016 (ECF No. 17). Under the SVP Act, an individual convicted of a sexually violent offense may continue to be held following release from a prison sentence if they are classified as a sexually violent predator. See S.C. Code Ann. § § 44-48-60, 44-48-70. Plaintiff's transport to the Darlington County Court was apparently for the purpose of initiating this process. In his response to the Defendant's motion for summary judgment, Plaintiff continues to complain about how his state court proceedings are being handled.



counsel for purposes of his pending proceedings. As for his requested relief, Plaintiff asks that the Court award him monetary damages, and "stop the Sheriff's Dept. from tampering with my mail. Readings. Stopping it. Preventing it from coming in". In a copy of a letter Plaintiff has attached to his Complaint that Plaintiff represents he sent to the Defendant Byrd, Plaintiff essentially complains about the progress and status of his court proceedings, but also states in a "P.S." that Byrd's "jail officers will not notarize my legal documents, or make copies. The mail dept. will not send out my mail to the federal court". See generally, Plaintiff's Verified Complaint, with attached exhibit.

In support of summary judgment in this case, the Defendant Byrd has submitted an affidavit wherein he attests that he is the duly elected Sheriff of Darlington County, that he has never unlawfully interfered with Plaintiff's legal, unlawfully stopped his mail, or ever denied Plaintiff access to the courts. Byrd further attests that at all times relevant hereto he was acting within the scope of his official duties, and that he is not aware of any statutory provisions, case law, or common law which clearly establishes a violation of Plaintiff's rights under the facts and circumstances of this case. See generally, Byrd Affidavit. As previously noted, Plaintiff has offered no evidence, other than his general and conclusory claim in his Complaint (and attachment), to support his allegation that he is being denied access to the Courts, and the undersigned finds that he has therefore failed to establish a genuine issue of fact as to whether his constitutional rights have been violated by the Defendant Byrd sufficient to survive summary judgment. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Drakeford v. Thompson, No. 09-2239, 2010 WL 4884897, at * 3 (D.S.C. November 24, 2010), citing Larken v. Perkins, 22 Fed. Appx. 114, 115 (4th Cir. 2001)[Noting that non-movant's "own, self-serving affidavit containing conclusory assertions and unsubstantiated speculation, . . . [is]



insufficient to stave off summary judgment"].

Assuming for purposes of summary judgment that Plaintiff at this point would be entitled to the status of a civilly committed inmate (as opposed to a convicted prisoner), his custody status as such would most closely resemble that of a pretrial detainee. Lingle v . Kibby, 526 Fed.Appx. 665, 667 (7th Cir. Apr. 15, 2013) [Civilly committed persons are treated as pretrial detainees]; Valbert v. South Carolina Dep't. of Mental Health, No. 12-1973, 2013 WL 4500455 at * 9 (D.S.C. Aug. 20, 2013) [same]; Treece v. McGill, No. 08-3909, 2010 WL 3781695 at * 4 (D.S.C. Sept. 21, 2010)["A civilly committed individual under the SVPA most closely resembles the custody status of a pre-trial detainee."] (quoting LaSure v. Doby, No. 06-1527, 2007 WL 1377694 at * 5 (D.S.C. May 8, 2007)); Tillman v. Dixon, No. 10-5032, 2011 WL 5119187 at * 9 (W.D.Wash. Aug. 12, 2011)[The rights of those civilly committed are analyzed using same standards that apply to pretrial detainees], adopted by, 2011 WL 5118750 (W.D.Wash. Oct. 27, 2011); cf. Larch v. Gintoli, 04-1962, 2006 WL 895019, at ** 3-4 (D.S.C. Mar. 31, 2006).  Therefore, Plaintiff's conditions of confinement mail/court access claim is evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); but see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) [Holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections].

Plaintiff is alleging that his constitutionally protected rights are being violated because he is being denied sufficient resources and assistance to provide him with adequate access to the courts, in particular because jail officials are failing to make copies for him or notarize his legal documents.  However, even assuming that the Defendant Byrd could be held responsible for such a



claim,[5] in order to pursue a claim for denial of access to the courts, Plaintiff must have evidence sufficient to establish a genuine issue of fact that he was both denied access to the Courts and suffered some actual injury or specific harm as a result. Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]. Plaintiff has failed to present any evidence that he has suffered any harm as a result of any failure of jail officials to provide him with notary services, copies, or allow for legal mailings. House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain claim].

    First, it is worth noting that Plaintiff, a frequent filer of litigation in this Court, has, and continues, to submit regular court filings in his numerous pending cases, all of which belie his

---

[5]There are no factual allegations in the Complaint that the Defendant Byrd has himself been involved in Plaintiff's case or with denying him copies, notary services, or (allegedly) failing to mail out his legal documents, and Byrd in his affidavit specifically denies ever having done so. Byrd cannot be held liable in a § 1983 lawsuit under a respondeat superior theory of liability. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977). Supervisory officials (such as Sheriff Byrd) may, however, be held liable in a § 1983 action for an offical policy or custom for which they are responsible. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubb v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992); See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)). Therefore, liberally construing Plaintiff's Complaint, and for purposes of further discussion of Plaintiff's claim, the undersigned has assumed that Plaintiff is alleging that jail officials' failure to provide him with copies or notary services is pursuant to a jail policy for which Byrd could potentially be held responsible.



assertion that he is being denied access to the Courts.[6] Further, Plaintiff has presented no evidence to establish that any jail officials' failure to provide him with notary services of provide him with copy services (allegations assumed to be true for purposes of summary judgment) has prevented him from pursuing his court actions. See also Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991), citing Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989)["Numerous courts have rejected any constitutional right to free and unlimited photocopying"]; Howard v. Ozmint, No. 08-3171, 2009 WL 4809427 at * 7 (D.S.C. Dec. 9, 2009) [Dismissing Plaintiff's claim for lack of access to the courts where plaintiff failed to show he suffered any irreparable injury as a result of not having access to a notary]. Finally, as conceded by Plaintiff in his own Complaint, he is represented by legal counsel in his pending state court action. Cf. Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975) [Where a criminal defendant is represented by counsel, access to legal materials and/or a law library is also not required]; see also Jones v. Lexington County Detention Center, 586 F.Supp. 2d 444, 449 (D.S.C. 2008).

Therefore, this claim is without merit. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) [Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

---

[6]Not including what Plaintiff may have filed in State Court, Plaintiff has filed at least twenty-one (21) lawsuits with this federal court, eleven (11) just within the last year. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 14, 2017
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

